**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6769**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MCLAUGHLIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-94-47, CA-98-953-2)

---

Submitted: September 20, 2001          Decided: October 17, 2001

---

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Dismissed by unpublished opinion per curiam opinion.

---

James McLaughlin, Appellant Pro Se. Laura Marie Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James McLaughlin seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2001) motion. We remanded the case for a factual determination of when McLaughlin placed his notice of appeal in the prison mail system. The Government produced a log indicating the date was May 4, 2000. McLaughlin did not challenge the determination. We find the district court did not err in determining the date. We dismiss the appeal for lack of jurisdiction because McLaughlin's notice of appeal was not timely filed.

Where the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on December 1, 1999. McLaughlin's notice of appeal was placed in the institution's internal mail system on May 4, 2000. Because McLaughlin failed to file a timely notice of appeal or to obtain an extension for reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED